UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) ) ) | No. CR 12-70364-MAG (BZ) |
| v. | ) ) | **ORDER OF DETENTION PENDING** |
| ANTONIO MANZIA MCBRIDE, | ) ) | **TRIAL** |
| Defendant(s). | ) ) | |

This matter came before the Court on April 6, 2012 for a detention hearing. The defendant, Antonio Manzia McBride, was present and represented by counsel Brandon Hickey. Assistant United States Attorney Natalie Lee appeared for the government.

Having considered the parties' proffers, and the Pretrial Services report which recommends release on a $75,000 unsecured bond and conditions of release, I find that the government has met its burden of showing that the defendant is a risk of flight and a danger to the community, and that no conditions of release will reasonably assure his appearance or the safety of the community. In so finding, I considered the

1

following factors:

1. Given the charges that the defendant faces, violations of U.S.C. §§ 841(a)(1)(A) and 846, it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 §§ U.S.C. 3142(e), (g)(1). Defendant has not met his burden of dispelling this presumption.

2. The defendant faces a maximum sentence of life imprisonment and a mandatory minimum of ten years. This potential sentence is of a substantially greater magnitude than what he has previously received, and gives him an incentive to flee.

3. The defendant's record contains two misdemeanor and two felony convictions, several past failures to appear, probation revocations, and an outstanding traffic warrant. Defendant also fled from the scene when the officers arrived - indicating a willingness to evade law enforcement. Defendant does not have stable employment and no viable sureties. These facts also indicate a risk of flight.

4. The current case involves drugs and firearms. The defendant has past convictions for first degree burglary, petty theft with a prior, and felony domestic violence. These convictions indicate that if released, defendant would pose a danger to the community.

5. The defendant appears to have been on probation since 2003, and the arrest in this case occurred while he was under supervision. Several of his prior convictions occurred while

2

he was on probation.  Defendant has a substance abuse problem.
These facts suggest that he is not amenable to supervision.

    6.  The affidavit in support of the criminal complaint avers that in March, 2012, the defendant participated in a conspiracy to distribute and to posses with the intent to distribute 5 kilograms or more of cocaine, and describes defendant as placing three firearms into an ATF undercover vehicle in preparation to commit the crime.  Thus, it appears that defendant is involved in the dangerous mix of drugs, violence and firearms that Congress was particularly concerned with in passing the Bail Reform Act of 1984.

    7.  Although he has ties to the community, no release proposal has been presented that would ensure that he would not continue to engage in criminal conduct on release, given that this offense occurred while he was on probation.  The only surety willing to sign an unsecured bond, defendant's "on and off" girlfriend, is not financially responsible and has a criminal history of forgery and theft.  Also, despite having a substantial number of family members, there is a lack of family support for defendant. Given his offense history and failure to refrain from illegal activity while under supervision, I have no confidence that defendant would obey an order imposing conditions of release.

    8.  I find that the government has met its burden of showing by a preponderance of the evidence that defendant is a flight risk and that the proposed conditions of release will not reasonably assure his appearance, and of showing by clear and convincing evidence that the defendant is a danger to the

| | |
|---|---|
| 1 | community, and that no conditions of release will reasonably |
| 2 | assure the safety of the community. |
| 3 | Based on the foregoing, **IT IS ORDERED** that the |
| 4 | government's motion for detention is **GRANTED. IT IS FURTHER** |
| 5 | **ORDERED** that: |
| 6 | 1. The defendant be committed to the custody of the |
| 7 | Attorney General for confinement in a corrections facility |
| 8 | separate, to the extent practicable, from persons awaiting or |
| 9 | serving sentences or being held in custody pending appeal; |
| 10 | 2. The defendant be afforded reasonable opportunity for |
| 11 | private consultation with counsel; |
| 12 | 3. On order of a court of the United States or on |
| 13 | request of an attorney for the government, the person in |
| 14 | charge of the corrections facility in which defendant is |
| 15 | confined shall deliver defendants to a United States Marshal |
| 16 | for the purpose of an appearance in connection with a court |
| 17 | proceeding. |
| 18 | Dated: April 9, 2012 |
| 19 | |
| 20 | _____ |
| 21 | Bernard Zimmerman<br>United States Magistrate Judge |
| 22 | |
| 23 | G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2012\MCBRIDE DETENTION ORDER.wpd |